UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SADIE CLAIRE GUIDRY | CIVIL ACTION |
| VERSUS | NO. 24-1725 |
| OLD REPUBLIC INSURANCE COMPANY, ET AL. | SECTION: "P" (4) |

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff Sadie Claire Guidry.[1] Defendants Louis Brent (improperly named as "Brent E. Louis"), Old Republic Insurance Company ("Old Republic"), and Schneider National Carriers, Inc. ("Schneider") (collectively, "Defendants"), respond in opposition,[2] and Guidry replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order and Reasons denying the motion because all properly served defendants consented timely to the removal.

**I.   BACKGROUND**

This case concerns an automobile accident. Guidry alleges that on November 2, 2022, she was driving through the middle of a roundabout when Brent, who was driving a tractor-trailer, failed to yield and entered the roundabout directly in front of Guidry, causing a collision.[4] At the time of the accident, Brent was acting in the course and scope of his employment with Schneider, the owner of the truck.[5] On September 27, 2023, Guidry filed this suit in state court against Brent,

---

[1] R. Doc. 5.
[2] R. Doc. 8.
[3] R. Doc. 11.
[4] R. Doc. 1-4 at 1-2.
[5] *Id.* at 2.

Schneider, and its insurer, Old Republic, asserting various state-law claims and seeking damages for back and neck injuries.[6]

On October 19, 2023, Guy D. Perrier of the law firm Perrier & Lacoste, L.L.C. wrote to plaintiff's counsel informing him that the firm was "employed in connection with this suit to represent the interests of Old Republic Insurance Company, General Insurance Company of America, Schneider National Carriers, Inc. and Brent E. Louis."[7] The letter also stated that attorney Michael W. Robertson would handle the case on the firm's behalf.[8]

On June 10, 2024, defense counsel received Guidry's responses to requests for admission in which Guidry confirmed for the first time that her damages could exceed $75,000.[9] Then, on June 19, 2024, defense counsel received Guidry's responses to interrogatories and requests for production of documents, which attached medical records showing that Guidry had undergone three lumbar epidural steroid injections and one cervical epidural steroid injection since the accident.[10] Based on Guidry's discovery responses, Schneider and Old Republic timely removed the action to this Court, alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[11] The notice of removal stated that "[b]ased on information and belief, Louis Brent … has not been properly served with the [c]itation and a copy of the original *Petition for Damages*, so his consent to this removal is not required. However, once Louis Brent is served, he will be represented by

---

[6] *Id.* at 1-6. Guidry also named General Insurance Company of America ("General Insurance") as a defendant, but she voluntarily dismissed without prejudice those claims after General Insurance filed a peremptory exception of no cause of action, stating that it was not Schneider's insurer at the time of the accident. R. Doc. 1-8 at 19-40, 42.
[7] R. Doc. 8-3.
[8] *Id.*
[9] R. Doc. 1 at 3-4 (citing R. Doc. 1-6).
[10] *Id.* at 4 (citing R. Doc. 1-7).
[11] *Id.* at 1-7. The parties are unquestionably diverse. Guidry is a Louisiana citizen. R. Doc. 1-4 at 1. Brent is an Alabama citizen. R. Doc. 1 at 2. Schneider is a citizen of Nevada and Wisconsin. *Id.* Old Republic is a Pennsylvania citizen. *Id.*

2

undersigned counsel, and he consents to the removal of this matter."[12]   Robertson signed the petition for removal as Defendants' attorney.[13]

Thereafter, on August 9, 2024, Guidry filed into the record of this Court an affidavit of service in which an employee of plaintiff's counsel states that she sent a citation and a copy of the petition to Brent by certified mail, return receipt requested.[14]   The attached documents show that, on October 18, 2023, the package was set to Brent at an address in Birmingham, Alabama.[15]   Delivery was attempted on October 25, 2023, but notice was left because there was "[n]o [a]uthorized [r]ecipient [a]vailable."[16]   On October 30, 2023, the United States Postal Service ("USPS") sent to plaintiff's counsel a "[r]eminder to [s]chedule [r]edelivery of your item."[17]   Ultimately, in December 2023, the package was returned to sender, *i.e.*, plaintiff's counsel, in Hammond, Louisiana.[18]

## II.   PENDING MOTION

On August 9, 2024, Guidry filed the instant motion to remand, arguing that the removal was procedurally improper because Brent was served via Louisiana's long-arm statute and failed to consent timely to the removal, thus violating the rule of unanimity.[19]   Guidry characterizes the statement in the notice of removal regarding Brent's consent as an "allegation" made by the removing parties, which she says is insufficient because it does not clearly indicate that Robertson

---

[12] *Id.* at 1-2.
[13] *Id.* at 7.
[14] R. Doc. 4.
[15] *Id.* at 2-4.
[16] *Id.* at 4.
[17] *Id.*
[18] *Id.* at 3-4.
[19] R. Doc. 5.

3

in fact represented Brent when the notice was filed.[20] Thus, according to Guidry, Brent's supposed failure to consent timely to the removal mandates remand.[21]

In opposition, Defendants argue that an equitable exception to the rule of unanimity is appropriate in this case because Brent did not, and could not, have known that service was attempted.[22] They point out that, although plaintiff's counsel sent the package to the correct address, the USPS attempted delivery only once, nobody signed the green card accepting the correspondence, and Brent never received any notification from the USPS that he had a letter to retrieve.[23] No other service attempts were made by either the USPS or plaintiff's counsel to provide Brent with actual notice of the suit, and he would not have known about it if he had not been contacted by Robertson.[24] Defendants further argue that the notice of removal clearly states Brent's consent to removal and is signed by Brent's authorized representative, *i.e.* Robertson, which satisfies the rule of unanimity.[25] Finally, Defendants suggest that the motion to remand is "gamesmanship" by plaintiff's counsel because, in other cases, the same law firm has failed to file in the state court record proof of service on an out-of-state defendant, and then, after removal in which the out-of-state defendant did not consent as unserved, plaintiff's counsel filed such proof into the federal court record to advocate for remand on the ground that the rule of unanimity was violated in the removal procedure.[26]

Guidry replies, arguing that there are no "extraordinary circumstances" justifying an equitable exception to the rule of unanimity because Brent was served under the Louisiana long

---

[20] R. Doc. 5-1 at 4-8.
[21] *Id.* at 1-8.
[22] R. Doc. 8 at 1, 3-6.
[23] *Id.* at 3-4.
[24] *Id.*
[25] *Id.* at 1, 6-8.
[26] *Id.* at 1-2, 8-10.

arm statute when plaintiff's counsel sent the required documents to the correct address and because there is no requirement that Brent receive actual notice.[27] She also reiterates her contention that the statement of Brent's consent in the notice of removal is insufficient because it does not affirmatively establish that Brent and Robertson had an attorney-client relationship.[28] Finally, Guidry takes umbrage with the notion that her attorney is engaged in "gamesmanship" and points out distinguishing facts in the other cases cited by Defendants.[29]

### III.   LAW & ANALYSIS

#### A. Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

---

[27] R. Doc. 11 at 2-4.
[28] *Id.* at 4-5.
[29] *Id.* at 6.

### B. Rule of Unanimity

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b).  Generally, to remove a case, a defendant must file a notice of removal within 30 days of service on the defendant.  *Id.* § 1446(a)-(b)(1).  However, when the case as stated in the petition is not removable, a defendant may file a notice of removal within 30 days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  All defendants who have been "properly joined and served" must join in or consent to the removal of the action.  *Id.* § 1446(b)(2)(A).  The Fifth Circuit has said that this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).  Accordingly, district courts in the Fifth Circuit "have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal."  *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019) (citing *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases)).

However, the Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) non-removing defendants who are improperly or fraudulently joined; (2) non-removing defendants who are merely nominal or formal parties; and (3) non-removing defendants who have not been served by the time of removal.  *Wagner v. Gov't Emps. Ins. Co.*, 2019 WL 626430, at *3 (E.D. La. Feb. 14, 2019) (citing Fifth Circuit decisions); *World Prayer Tabernacle v. Certain Underwriters at Lloyd's*, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022).  The Fifth Circuit has also "recognized

that 'sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty-day period prescribed by § 1446(b).'" *Cavalier v. Progressive Paloverde Ins. Co.*, 2021 WL 4772108, at *2 (E.D. La. Oct. 12, 2021) (quoting *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011)).  The Fifth Circuit allowed the additional exception in the "unique" case of *Gillis v. Louisiana*, 249 F.3d 755 (5th Cir. 2002), in which "the non-removing defendant did not file its written consent in thirty days because consent could be authorized only at a board meeting, and the plaintiff, who was also the chairman of the board, had interposed scheduling conflicts that prevented timely consent." *Cavalier*, 2021 WL 4772108, at *2.  Such "exceptional circumstances" will generally be found only when the non-removing defendant's "lack of timely consent arises from plaintiff's conduct, such as plaintiff's 'bad faith efforts to prevent removal.'" *Id.* (quoting *Ortiz*, 431 F. App'x at 307-08).  Thus, the Fifth Circuit has instructed district courts to consider the reasonableness of the removing defendant's actions and whether the circumstances (*e.g.,* plaintiff's conduct) were sufficiently "exceptional" to justify a departure from the rule of unanimity.  *Getty*, 841 F.2d at 1263.

### C. Defense counsel's consent on Brent's behalf satisfies the rule of unanimity.

The consent on Brent's behalf stated in the notice of removal, coupled with the facts of Robertson's representation of all Defendants, satisfies the rule of unanimity.[30]  In the notice of removal, Robertson, subject to Rule 11 of the Federal Rules of Civil Procedure, states that "once Louis Brent is served, he will be represented by undersigned counsel, and he consents to the removal of this matter."[31]  Some district courts have recognized that, standing alone, an attorney's "use of the phrase 'will represent' linguistically suggests that he 'only contemplated a potential

---

[30] Because the Court finds that the rule of unanimity is satisfied, it need not address whether any exception applies due to the circumstances surrounding service on Brent and counsel's failure to file proof of such service in the state court record.

[31] R. Doc. 1 at 1-2.

7

future attorney-client relationship' with the [n]on-[r]emoving [d]efendants at the time of removal." *Haynes v. Take 5 Props. SPV, LLC*, 2023 WL 2620904 (M.D. La. Mar. 3, 2023), *report and recommendation adopted*, 2023 WL 2616088 (M.D. La. Mar. 23, 2023) (quoting *Baxter v. Anderson*, 2016 WL 3748720, at *5 (M.D. La. June 21, 2016)); *see also James v. Nat'l Cont'l Ins. Co.*, 2024 WL 4143582, at *6 (M.D. La. Aug. 26, 2024), *report and recommendation adopted*, 2024 WL 4142743 (M.D. La. Sept. 10, 2024).  However, as in *Haynes* and *James*, that statement does not stand alone here.

After removal, Robertson filed a declaration stating that his law firm was retained to represent all Defendants in this litigation and that he "was expressly authorized to defend and represent the legal interests of all named defendants and make all necessary representations on their behalf in accordance with [his] professional judgment."[32]  Robertson also filed a letter that his partner sent to Guidry's attorney in October 2023 stating that their firm represented all Defendants, including Robertson.[33]  Thus, as in *Haynes* and *James*, the notice of removal and the record, as a whole, demonstrate that Robertson was acting on Brent's behalf and that he had actual authority to do so when he represented, subject to Rule 11, that Brent had consented to the removal.  *See James*, 2024 WL 4143582, at *8 (citing *Haynes* and denying remand where attorney was hired to represent all defendants, stated in notice of removal that an out-of-state defendant consented to removal, and filed a declaration explaining his authority to act for that defendant).  Because defendants have shown that Robertson had authority to act for Brent in consenting to removal, the notice of removal satisfies the rule of unanimity.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

---

[32] R. Doc. 8-2 at 1.
[33] R. Doc. 8-3.

**IT IS ORDERED** that Guidry's Motion to Remand (R. Doc. 5) is **DENIED**.

New Orleans, Louisiana, this 22nd day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**
